## Samuel Wood *versus* Cyrus Leland *et al.*

Where a surety in a bond died intestate, leaving more than one child, and after the administration of his estate had been closed, the co-surety was compelled to pay a portion of the penalty of the bond, it was *held*, that such co-surety might main-tain a bill in equity, under Revised Stat. *c.* 70, § 16, for contribution, against such children, notwithstanding he might have a remedy at law, it being the intent of the legislature to give concurrent equity jurisdiction to this Court in such cases.

This was a bill in equity setting forth, that in September 1819, Joshua Harrington was duly appointed guardian of Katharine and Oliver Kimball, then minors under the age of fourteen years, and accepted that trust ; that the complainant and Cyrus Leland, father of the respondents, became sureties upon his guardianship bond, which was in the penal sum of $10,000 ; that in January 1837, upon the settlement of his account of the guardianship of Katharine Kimball, in the probate office, there was a balance remaining in his hands amount-ng to the sum of $2378·73, which was then duly demanded

Wood
v.
Leland.

of him ; that on the 1st of November, 1838, the complainant,
as such surety, was required to pay and did pay this sum,
with the interest thereon, to Rejoice Newton Esq. to whom it
had been assigned in trust for Katharine Kimball ; that upon
the settlement of Harrington's account of the guardianship of
Oliver Kimball, on the 4th of December, 1838, there was
found to be a balance in his hands amounting to the sum of
$ 1769·47, which the complainant was afterwards, as such
surety, required to pay and did pay to Oliver Kimball ; and
that Harrington had never paid any part of such sums, but, on
the contrary, had become insolvent and wholly unable to pay
the same.    The bill further set forth, that Cyrus Leland died
on or about the 10th of September, 1830, leaving a large es-
tate, real and personal, which was much more than sufficient
to pay the several sums before mentioned, and which descend-
ed to the respondents, his children ; that, afterwards, on the
1st of November, 1830, Thaddeus Read being duly appointed
administrator of such estate, gave bond for the due execution
thereof, and gave notice of such appointment as required by
law ; that more than four years elapsed after the appointment
of Read as administrator and after giving such bond and no-
tice, before Harrington settled either of his guardianship ac-
counts, and before the right to recover either of the sums so
paid, accrued to the complainant.

Wherefore and because the complainant had not a plain and
adequate remedy at law, and because the respondents were
liable with the complainant, for the sums of money so paid,
and there was more than one person liable to contribute to the
complainant, towards the payment thereof, the bill prayed,
that the respondents might be held to answer thereunto, that
the Court might decree that the respondents should pay to the
complainant one half of the sums so paid by him with interest,
and might pass such other orders and decrees in the premises
as equity should require.

James Leland, one of the respondents, demurred to the
bill.

Oct. 4th.      *Washburn*, in support of the demurrer, to the point, that
the complainant had a plain, adequate and complete remedy *at
law*. as the amount for which the respondents were respectively

liable, was clearly ascertained, they being the children of Cyrus Leland, and none of them being insolvent, cited Revised Stat. c. 81 ; *Johnson* v. *Johnson*, 11 Mass. R. 359 ; *Taylor* v. *Savage*, 12 Mass. R. 98 ; *Bachelder* v. *Fisk*, 17 Mass. R. 464 ; *Chandler* v. *Brainard*, 14 Pick. 285 ; *Howes* v. *Bigelow*, 13 Mass. R. 389 ; *Brigden* v. *Cheever*, 10 Mass. R. 450 ; *Hall* v. *Bumstead*, 20 Pick. 2 ; and that it was not enough, that the case was within the equity jurisdiction of the Court, if there was such remedy at law, *Holland* v. *Cruft*, 20 Pick. 320.

C. *Allen*, *Newton* and *Conant*, for the complainant, cited Revised Stat. c. 70, § 16 ; *Bachelder* v. *Fisk* 17 Mass. R. 464 ; *Birkley* v. *Presgrave*, 1 East, 220.

SHAW C. J. delivered the opinion of the Court. All the material averments in this bill are admitted by the demurrer, and therefore the question is, upon the complainant's own showing, whether he has any remedy in this form. One of the defendants has demurred, mainly relying on the ground, that the complainant has a plain and complete remedy at law.

It seems very clear, that the complainant is entitled to a remedy. The right of contribution amongst co-sureties, so as to bear the common burden equally, is most firmly established, both in equity and at law, and is too well settled to need authorities.

Where one co-surety has deceased before the other surety has been compelled to pay, the right of contribution is a good legal and equitable claim against his estate ; *Bachelder* v. *Fisk*, 17 Mass. R. 464 ; and when the administration of the estate has closed before the right of action accrues, the statute provides, that the creditor may recover the same against the heirs and next of kin of the deceased, if he died intestate, or, against the devisees and legatees under his will, each one of whom shall be liable, to an amount not exceeding the value of the property received. Revised Stat. c. 70, § 13, 14. The facts set forth in the bill, clearly bring the case within this provision ; the plaintiff was co-surety with Cyrus Leland, and has been obliged to pay the whole ; the administration of his co-surety's estate had closed, before the complainant's right to contribution and cause of action accrued.

*Wood*
*v.*
*Leland.*

*Oct. 5th.*

Wood
v.
Leland.

The question then is, whether he has his remedy in equity.

The Revised Statutes, c. 70, § 16, provide, that in the case specified, if there be more than one person liable for the debt, the creditor may recover the same in a bill in equity, against all the persons so liable, or as many of them as are within the reach of process; and that the court shall decide, according to the course of proceedings in chancery, how much each is liable to pay, and award execution therefor. And in the 17th section, it is provided, that if any one of the heirs or devisees shall be insolvent, or beyond the reach of process, the others shall nevertheless be liable for the whole amount.

From these provisions the Court are of opinion, that it was not the intention of the legislature to confine this remedy, as in common cases of equity jurisdiction, to the case where there is no plain and complete remedy at law ; but they meant, in this specific class of cases, to give a concurrent jurisdiction in equity. It was intended to give the creditor a complete remedy in one suit, against all or any who were liable, subject only to the limitation, that no one should be liable for more than he had received from his ancestor. In a suit at law the creditor could only recover against each his aliquot part, without regard to the fact whether others were insolvent, or beyond the reach of process, or not. But it is clear that the legislature intended a broader and larger, and more direct remedy for the creditor, throwing the risk of the absence or insolvency of some, upon those who were liable ; and this could be done, only according to the course of proceedings in equity, where the facts of absence or insolvency can be ascertained, and the liability of the other parties established and apportioned.

*Demurrer overruled.*